JUSTICE WEBER
specially concurs as follows, joined by CHIEF JUSTICE TURNAGE:
I agree with the conclusion of the majority opinion that the hearing examiner failed to resolve the factual dispute regarding notice of the injury which resulted from the conflicting testimony of the claimant and employer. As a result, I agree that it is appropriate to remand in order to resolve that factual dispute. I therefore concur in the reversal and remand.
The majority opinion analyzes the claimant’s testimony and con- *523 eludes that the information furnished by the claimant established that both incidents involving injury were sufficient to enable the employer to protect himself by prompt investigation of the accident. I point out there are no findings of fact by the Workers’ Compensation Court on this testimony. It is the absence of this factual determination by the lower court which has required the majority to reverse and remand. Under those circumstances, I conclude it is not appropriate to reach the factual conclusion upon which the majority opinion is founded.
Because there has been no factual determination, I conclude that it is inappropriate to reach the central conclusion of the majority opinion which is stated as follows:
Based on these decisions, we conclude that the requirements of § 39-71-603, MCA (1987), are satisfied when an employee who is involved in a work-related accident reports that accident to his employer within 30 days from the date of its occurrence and apprises his employer, to the best of his ability, whether he suffered any adverse physical consequences from that accident. An employee who has a reasonable belief at the time of an accident that he has suffered no injury which will require treatment or is otherwise compensable, is not barred from recovery under § 603 because he learns otherwise beyond the 30-day period.
Because the foregoing conclusion is not based upon facts presented to us, it is advisory in nature. It appears to expand our holdings from previous cases. I do not concur in that conclusion.
I also disagree with the conclusion that under Lee there is nothing which has any bearing on this case. It was in Lee that this Court adopted the following standard from Larson:
It is not enough, however, that the employer, through his representatives, be aware that claimant “feels sick”, or has a headache, or fell down, or walks with a limp, or has a pain in his back, or shoulder, or is in the hospital, or has a blister, or swollen thumb, or has suffered a heart attack. There must in addition be some knowledge of accompanying facts connecting the injury or illness with the employment, and indicating to a reasonably conscientious manager that the case might involve a potential compensation claim.
Because we do not yet have the factual determination from the trier of fact, I do not find it appropriate to state that the quotation from Lee is not applicable.